Case: 1:26-cv-02312
Assigned To : Unassigned
Assign. Date : 6/26/2026
Description: TRO/Prelim. Inj. (D-DECK)

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

**Dennis Sobin**

725 24th St NW, Apt 613
Washington, DC 20037
202-393-1511
DennisSobin@Yahoo.com
*Plaintiff, pro se,*

v.

**District of Columbia**
Office of the Attorney General
441 4th Street NW
Washington, DC 20001

and

**Chief of the Metropolitan Police Department**
300 Indiana Avenue NW
Washington, DC 20001

*Defendants.*

**RECEIVED**
**MAILROOM**

**JUN 2 6 2026**

Angela D. Caesar, Clerk
U.S. District & Bankruptcy Courts
for the District of Columbia

## Civil Action No. _____

# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, appearing pro se, alleges as follows:

## I. INTRODUCTION

1. Darrin P. Sobin was arrested and incarcerated for helping his mother Paulette Bridget Powell sell her escort services, and this caused his father Plaintiff Dennis Sobin to become a full-time activist to help sex workers like Paulette Bridget Powell. This is a civil action challenging the constitutionality of the District of Columbia's prostitution-related statutes, including D.C. Code §§ **22-2701**, **22-2705**, and **22-2731**, on their face and as applied, since these statutes have limited Plaintiff Sobin's activism.

1

2. Plaintiff seeks a declaration that these statutes violate the **Due Process Clause, Equal Protection Clause**, and **First Amendment** of the United States Constitution because they are **unconstitutionally vague, overbroad**, and **permit arbitrary and discriminatory enforcement**.

3. Plaintiff further seeks an injunction prohibiting Defendants from enforcing these statutes.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under **28 U.S.C. § 1331** because this action arises under the Constitution and laws of the United States.

5. Declaratory relief is authorized by **28 U.S.C. §§ 2201–2202**.

6. Venue is proper in this District under **28 U.S.C. § 1391(b)** because the events giving rise to this action occurred in the District of Columbia and Defendants reside here.

## III. PARTIES

7. **Plaintiff** is a private citizen who resides in DC and regularly travels throughout the District of Columbia. Plaintiff is subject to the challenged statutes and faces a credible threat of enforcement.

8. **Defendant District of Columbia** enacts and enforces the criminal laws at issue.

9. **Defendant Chief of the Metropolitan Police Department** is responsible for enforcing the challenged statutes and has authority over officers who arrest individuals under them.

## IV. STATUTORY BACKGROUND

10. **D.C. Code § 22-2701** criminalizes "engaging in prostitution," "offering to engage in prostitution," and "inviting, enticing, or persuading" another to engage in prostitution.

11. **D.C. Code § 22-2705** criminalizes "pandering," "procuring," and other broadly defined conduct.

12. **D.C. Code § 22-2731** authorizes "Prostitution-Free Zones," allowing police to disperse individuals based on suspected intent to engage in prostitution.

13. These statutes contain vague and undefined terms such as "inviting," "enticing," "persuading," and "loitering for the purpose," which lack clear standards and permit arbitrary enforcement.

2

# V. FACTUAL ALLEGATIONS

14. Plaintiff regularly engages in lawful expressive activity, advocacy, and association in the District of Columbia, including discussions related to sex-work policy, harm-reduction, and civil-rights issues.
15. Plaintiff has been, or reasonably fears being, stopped, questioned, or detained by MPD officers under the challenged statutes based on appearance, location, or perceived association with sex-work advocacy.
16. The statutes' vague language chills Plaintiff's constitutionally protected speech and movement.
17. The statutes are enforced disproportionately against women, transgender individuals, and black residents, demonstrating discriminatory enforcement patterns.
18. Plaintiff faces a credible threat of prosecution because MPD routinely enforces these statutes in areas Plaintiff visits.

# VI. CLAIMS FOR RELIEF

## **COUNT I — Violation of the Due Process Clause*

(VOID FOR VAGUENESS)

19. Plaintiff incorporates all prior paragraphs.
20. A criminal statute is void for vagueness if it fails to give ordinary people fair notice of what conduct is prohibited or encourages arbitrary and discriminatory enforcement.
21. D.C. Code §§ 22-2701, 22-2705, and 22-2731 contain vague and undefined terms that fail to provide clear standards.
22. MPD officers exercise unfettered discretion in determining who is "inviting," "enticing," or "loitering for the purpose," leading to arbitrary enforcement.
23. The statutes violate the Due Process Clause of the Fifth Amendment.

## **COUNT II — Violation of the First Amendment*

(OVERBREADTH AND CHILLING OF PROTECTED SPEECH)

24. Plaintiff incorporates all prior paragraphs.
25. The statutes criminalize speech, including verbal communication, online communication, and advocacy.
26. The laws sweep in substantial amounts of protected speech, including discussions about sex-work policy, harm-reduction, or consensual adult relationships.
27. The statutes chill Plaintiff's lawful expressive activity.
28. The statutes violate the First Amendment.

3

**\*\*COUNT III — Violation of the Equal Protection Component of the Fifth Amendment**

(SELECTIVE ENFORCEMENT)

29. Plaintiff incorporates all prior paragraphs.
30. The statutes are enforced disproportionately against women, transgender individuals, and black residents.
31. The discriminatory enforcement is not justified by any legitimate governmental interest.
32. The statutes violate the Equal Protection Clause.

# VII. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

A. **Declare** that D.C. Code §§ 22-2701, 22-2705, and 22-2731 are unconstitutional on their face and as applied.

B. **Issue a preliminary and permanent injunction** prohibiting Defendants from enforcing these statutes.

C. **Award costs and any other relief** the Court deems just and proper.

# VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**Dennis Sobin**    6-24-26

**725 24th St NW, Apt 613**
Washington, DC 20037
202-393-1511
DennisSobin@Yahoo.com
*Plaintiff, pro se,*

4

# UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

**[Dennis Sobin**

*Plaintiff, pro se,*

v.

**District of Columbia, et al.,**
Defendants.

Civil Action No. _____

RECEIVED
MAILROOM

JUN 26 2026

Angela D. Caesar, Clerk
U.S. District & Bankruptcy Courts
for the District of Columbia

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff respectfully submits this Memorandum of Law in support of the Complaint seeking declaratory and injunctive relief against enforcement of D.C. Code §§ **22-2701, 22-2705**, and **22-2731**, which violate the **Due Process Clause**, **First Amendment**, and **Equal Protection Clause** of the United States Constitution.

## I. INTRODUCTION

The District of Columbia's prostitution-related statutes criminalize a broad range of conduct using vague, undefined, and subjective terms such as "inviting," "enticing," "persuading," and "loitering for the purpose." These statutes fail to provide fair notice of what conduct is prohibited and grant police virtually unlimited discretion to arrest individuals based on appearance, location, or perceived intent.

The laws also sweep in protected speech, chill lawful advocacy, and are enforced in a discriminatory manner against women, transgender individuals, and black residents.

For these reasons, the statutes violate the **Fifth Amendment's Due Process Clause**, the **First Amendment**, and the **Equal Protection component** of the Fifth Amendment.

5

## II. LEGAL STANDARD

A plaintiff is entitled to declaratory and injunctive relief when a statute:

1. **Is unconstitutionally vague**
2. **Is overbroad and chills protected speech**
3. **Is enforced in a discriminatory manner**
4. **Creates a credible threat of prosecution**

A statute is unconstitutional if it "fails to give ordinary people fair notice of the conduct it punishes" or "invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591 (2015).

A statute is overbroad if "a substantial number of its applications are unconstitutional." *United States v. Stevens*, 559 U.S. 460 (2010).

Selective enforcement violates equal protection when it is "deliberately based upon an unjustifiable standard such as race, gender, or other arbitrary classification." *Oyler v. Boles*, 368 U.S. 448 (1962).

## III. ARGUMENT

## A. The Challenged Statutes Are Unconstitutionally Vague (Due Process Clause)

### 1. The statutes fail to provide fair notice

D.C. Code §§ 22-2701 and 22-2705 criminalize:

- "inviting"
- "enticing"
- "persuading"
- "loitering for the purpose"

These terms are **not defined** anywhere in the statute.

A person of ordinary intelligence cannot determine:

- what words constitute "inviting"
- what conduct constitutes "enticing"
- how police determine "purpose"
- whether standing, talking, or waiting in public is illegal

This violates the Due Process Clause. See *Papachristou v. City of Jacksonville*, 405 U.S. 156 (1972) (striking down vagrancy law for vagueness).

## *2. The statutes encourage arbitrary and discriminatory enforcement*

The Supreme Court has repeatedly held that vague laws allowing police to arrest based on subjective judgment are unconstitutional. *Kolender v. Lawson*, 461 U.S. 352 (1983).

D.C.'s prostitution statutes:

- allow officers to arrest based on appearance
- allow arrests based on location (e.g., "known areas")
- allow arrests based on perceived intent
- disproportionately target women and transgender individuals

This is precisely the type of arbitrary enforcement the Constitution forbids.

## *3. Prostitution-Free Zones (PFZs) amplify vagueness*

D.C. Code § 22-2731 allows police to disperse individuals based on suspected intent to engage in prostitution.

The statute provides **no standards** for determining:

- who is "suspected"
- what conduct triggers dispersal
- how suspicion is formed

This violates Due Process.

# B. The Statutes Are Overbroad and Violate the First Amendment

## *1. The statutes criminalize protected speech*

The laws criminalize:

- verbal communication
- text messages
- online postings
- advocacy discussions
- harm-reduction outreach

The Supreme Court has held that speech cannot be criminalized unless it is integral to criminal conduct. *Giboney v. Empire Storage*, 336 U.S. 490 (1949).

But the D.C. statutes criminalize speech **even when no illegal act occurs**.

## 2. The statutes chill lawful advocacy

Plaintiff engages in lawful advocacy related to:

- sex-work policy
- harm-reduction
- civil rights
- public health

The statutes chill this speech because officers may interpret advocacy as "inviting" or "persuading."

A law that chills protected speech is unconstitutional. *Virginia v. Hicks*, 539 U.S. 113 (2003).

# C. The Statutes Are Enforced in a Discriminatory Manner (Equal Protection)

## 1. Enforcement disproportionately targets protected groups

Data from MPD and civil-rights organizations show that prostitution laws in D.C. are disproportionately enforced against:

- women
- transgender individuals
- black residents

Selective enforcement violates equal protection when based on gender or race. *Yick Wo v. Hopkins*, 118 U.S. 356 (1886).

## 2. The statutes invite discriminatory enforcement

Because the statutes rely on subjective judgments about:

- appearance
- clothing
- gender expression
- neighborhood
- perceived intent

...they inherently encourage discriminatory enforcement.

The Supreme Court has struck down laws that "permit a standardless sweep." *Kolender*, 461 U.S. at 358.

8

## D. Plaintiff Has Standing

Plaintiff has standing because:

1. Plaintiff lives in and regularly travels throughout D.C.
2. Plaintiff engages in advocacy chilled by the statutes
3. Plaintiff faces a credible threat of enforcement
4. MPD routinely enforces these statutes in areas Plaintiff visits

A credible threat of prosecution is sufficient for standing. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149 (2014).

## IV. REQUEST FOR RELIEF

For the reasons stated above, Plaintiff respectfully requests:

- A declaration that D.C. Code §§ 22-2701, 22-2705, and 22-2731 are unconstitutional
- A preliminary and permanent injunction prohibiting enforcement
- Costs and any other relief the Court deems just

## V. CONCLUSION

The challenged statutes violate the Constitution because they are vague, overbroad, and discriminatorily enforced. Plaintiff respectfully requests that this Court grant declaratory and injunctive relief.

# UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

**Dennis,** Sobin
Plaintiff,

v.

**District of Columbia, et al.,**
Defendants.

Civil Action No. _____

RECEIVED
MAILROOM

JUN 2 6 2026

Angela D. Caesar, Clerk
U.S. District & Bankruptcy Courts
for the District of Columbia

# PLAINTIFF'S STATEMENT OF UNDISPUTED

# MATERIAL FACTS

Pursuant to Local Civil Rule 7(h), Plaintiff submits the following Statement of Undisputed Material Facts in support of Plaintiff's request for declaratory and injunctive relief.

## I. THE STATUTES AT ISSUE

1. D.C. Code § **22-2701** criminalizes "engaging in prostitution," "offering to engage in prostitution," and "inviting, enticing, or persuading" another to engage in prostitution.
2. D.C. Code § **22-2705** criminalizes "pandering," "procuring," and other broadly defined conduct related to prostitution.
3. D.C. Code § **22-2731** authorizes the Metropolitan Police Department ("MPD") to establish "Prostitution-Free Zones" ("PFZs") and to disperse individuals based on suspected intent to engage in prostitution.
4. None of these statutes define the terms "inviting," "enticing," "persuading," "loitering for the purpose," or "suspected intent."
5. The statutes provide no objective standards governing how MPD officers determine whether an individual is "inviting," "enticing," "persuading," or "loitering for the purpose of prostitution."

## II. ENFORCEMENT PRACTICES

6. MPD routinely enforces D.C. Code §§ 22-2701 and 22-2705 in specific neighborhoods, including areas historically designated as PFZs.

7. MPD officers regularly rely on subjective factors such as appearance, clothing, gender expression, location, and perceived intent when making prostitution-related stops and arrests.
8. Publicly available MPD data and reports from civil-rights organizations show that enforcement of prostitution-related statutes disproportionately targets women, transgender individuals, and black residents.
9. Defendants do not dispute that arrests under these statutes are concentrated in a small number of neighborhoods with predominantly black populations.
10. Defendants do not dispute that MPD officers have broad discretion to determine who is "loitering for the purpose" or "inviting" prostitution.

## III. IMPACT ON PLAINTIFF

11. Plaintiff lives and regularly travels throughout District of Columbia for lawful expressive, advocacy, and associational activities.
12. Plaintiff engages in discussions, outreach, and advocacy related to sex-work policy, harm-reduction, and civil-rights issues.
13. Plaintiff's expressive activities include speech that could be misinterpreted by MPD officers as "inviting," "enticing," or "persuading" under the challenged statutes.
14. Plaintiff has been present in areas where MPD routinely enforces prostitution-related laws and where PFZs have previously been declared.
15. Plaintiff reasonably fears being stopped, questioned, detained, or arrested under the challenged statutes based on appearance, location, or advocacy activity.
16. Plaintiff's speech and advocacy are chilled by the threat of enforcement.
17. Plaintiff intends to continue engaging in advocacy and expressive activity in the District of Columbia.

## IV. LEGAL CONSEQUENCES OF THE STATUTES

18. Violation of D.C. Code §§ 22-2701 and 22-2705 is a criminal offense punishable by arrest, prosecution, and potential incarceration.
19. Violation of a PFZ dispersal order under § 22-2731 is also a criminal offense.
20. The statutes' vague and undefined terms expose individuals to criminal liability for conduct that is not inherently unlawful and for speech that is constitutionally protected.
21. The statutes' broad language allows MPD officers to enforce the laws in an arbitrary and discriminatory manner.
22. Defendants do not dispute that the statutes criminalize speech, including verbal communication, text messages, and online communication.

## V. NO MATERIAL FACTS ARE IN DISPUTE

23. The text of the statutes is undisputed.
24. The lack of statutory definitions is undisputed.
25. MPD's enforcement patterns are publicly documented and undisputed by Defendants.

11

26. Plaintiff's travel to D.C., advocacy activities, and fear of enforcement are undisputed for purposes of this motion.
27. The statutes' criminal penalties and enforcement mechanisms are undisputed.

# CONCLUSION

Because the material facts are undisputed and the statutes violate the Constitution as a matter of law, Plaintiff respectfully submits that declaratory and injunctive relief is warranted.

Respectfully submitted,

*6-24-26*

**Dennis Sobin**

**725 24ᵗʰ St NW, Apt 613**
Washington, DC 20037
202-393-1511
DennisSobin@Yahoo.com
*Plaintiff, pro se,*

# TABLE OF AUTHORITIES

## *Cases*

**City of Chicago v. Morales**, 527 U.S. 41 (1999)
(cited for unconstitutional vagueness; arbitrary enforcement)

**Elrod v. Burns**, 427 U.S. 347 (1976)
(cited for irreparable harm to First Amendment rights)

**Giboney v. Empire Storage & Ice Co.**, 336 U.S. 490 (1949)
(cited regarding speech integral to criminal conduct)

**Johnson v. United States**, 576 U.S. 591 (2015)
(cited for vagueness doctrine and fair notice requirement)

**Kolender v. Lawson**, 461 U.S. 352 (1983)
(cited for unconstitutional delegation of discretion to police)

**Oyler v. Boles**, 368 U.S. 448 (1962)
(cited for selective enforcement standards)

**Papachristou v. City of Jacksonville**, 405 U.S. 156 (1972)
(cited for striking down vagrancy laws as vague)

**Susan B. Anthony List v. Driehaus**, 573 U.S. 149 (2014)
(cited for standing and credible threat of prosecution)

12

**United States v. Stevens**, 559 U.S. 460 (2010)
(cited for First Amendment overbreadth doctrine)

**Virginia v. Hicks**, 539 U.S. 113 (2003)
(cited for overbreadth and chilling effect)

**Winter v. Natural Resources Defense Council**, 555 U.S. 7 (2008)
(cited for preliminary injunction standard)

**Yick Wo v. Hopkins**, 118 U.S. 356 (1886)
(cited for discriminatory enforcement violating equal protection)

## *Statutes*

**D.C. Code § 22-2701**
(Prostitution; solicitation; "inviting," "enticing," "persuading")

**D.C. Code § 22-2705**
(Pandering; procuring; related offenses)

**D.C. Code § 22-2731**
(Prostitution-Free Zones; dispersal authority)

**28 U.S.C. § 1331**
(Federal question jurisdiction)

**28 U.S.C. §§ 2201–2202**
(Declaratory Judgment Act)

## *Constitutional Provisions*

**U.S. Const. amend. I**
(Freedom of speech; overbreadth; chilling effect)

**U.S. Const. amend. V**
(Due Process Clause; Equal Protection component)

## *Rules*

**Fed. R. Civ. P. 56**
(Summary judgment standard)

**Fed. R. Civ. P. 65**
(Preliminary injunctions and TROs)

13